UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BACKUS FEDERATION OF NURSES, | ) | 3:24-CV-01658 (SVN) |
| LOCAL 5149, AFT-CT, AFT, AFL-CIO, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM W. BACKUS HOSPITAL, | ) | |
| *Defendant*. | ) | December 9, 2024 |

**CERTIFICATION TO STATE ATTORNEY GENERAL
OF CONSTITUTIONAL CHALLENGE TO STATE LAW**

Sarala V. Nagala, United States District Judge.

This action involves a claim by a union against a hospital for an alleged violation of Connecticut law governing overtime rules for nurses. Backus Federation of Nurses, Local 5149, AFT-CT, AFL-CIO ("Plaintiff") claims that William W. Backus Hospital ("Defendant") is violating Conn. Gen. Stat. § 19a-490*l*, which sets mandatory limits on overtime for nurses working in hospitals and outlines certain exceptions to this rule. Defendant has filed a motion to dismiss, contending that the statute is preempted, in its entirety and/or as applied to the instant circumstances, by the National Labor Relations Act and/or Section 301 of the Labor Management Relations Act. *See* ECF No. 21.

For actions such as this one where neither the State of Connecticut nor one of its officers or employees is a party and "the constitutionality of any statute of that State affecting the public interest is drawn in question," federal law requires the Court to certify "such fact" to the state attorney general and to "permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality," 28 U.S.C. § 2403(b). To the same effect, Rule 5.1 of the Federal Rules of Civil Procedure requires a court

to issue certification pursuant to 28 U.S.C. § 2403(b) as well as for the party raising the constitutional challenge to serve notice on the attorney general. *See* Fed. R. Civ. P. 5.1(a)–(b).

Because preemption is governed by the Supremacy Clause of the U.S. Constitution, Defendant's preemption challenge is arguably a challenge to the constitutionality of Conn. Gen. Stat. § 19a-490*l*. Courts are split on the issue of whether a preemption challenge amounts to a constitutional challenge within the scope of 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(b). *See von Kahle v. Cargill, Inc.*, No. 21 Civ. 8532 (AT), 2022 WL 4096164, at *1 (S.D.N.Y. Sept. 7, 2022) (noting the law is unsettled as to whether Rule 5.1's notice requirements apply to preemption challenges to state statutes); *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980 (PHX) (DWL), 2020 WL 6395442, at *15 (D. Ariz. Nov. 2, 2020) (same). Notwithstanding such uncertainty, "providing notice [to the state attorney general] is the better practice." *United States v. Zadeh*, 820 F.3d 746, 755 (5th Cir. 2016).

Accordingly, the Court issues this notice with an allowance pursuant to Fed. R. Civ. P. 5.1(c) for the Attorney General of Connecticut to file a motion to intervene and any opposition or other response to Defendant's motion within 60 days of this Order, if he wishes to defend against the preemption challenge to Conn. Gen. Stat. § 19a-490*l*. The Clerk is directed to serve this notice on the Office of the Attorney General.

**SO ORDERED** at Hartford, Connecticut, this 9th day of December, 2024.

                                          */s/ Sarala V. Nagala*
                                          SARALA V. NAGALA
                                          UNITED STATES DISTRICT JUDGE